UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| WALTER PEGUES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3200 |
| | ) | |
| SHON ORRILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 2013 WL 3215667 *2 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he has been subjected to continuing harassment and retaliation for his complaints against Defendant Orrill for racially derogatory remarks and unprofessional behavior. Retaliation for Plaintiff's exercise of his right to challenge the conditions of his confinement states a First Amendment claim. Additionally, though racially derogatory remarks do not provide an independent basis for a constitutional claim, a plausible inference arises that the racist remarks coupled with the harassing behavior

violates Plaintiff's equal protection rights. Similarly, while the supervisory Defendants cannot be liable for the constitutional violations of their subordinates, the supervisory Defendants can be liable for turning a blind eye to those violations. These determinations should be made on a developed factual record.

**IT IS ORDERED:**

  1.   Plaintiff's petition to proceed in forma pauperis is granted (d/e 2). Pursuant to its review of the Complaint, the Court finds that Plaintiff states the following claims:  1) a First Amendment claim for retaliation for Plaintiff's exercise of Plaintiff's First Amendment rights; and 2) an equal protection claim based on alleged race discrimination. This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

  2.   Plaintiff's motion to expedite the review of his complaint is denied as moot (d/e 9).

  3.   If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will

take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    4.   With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5.   Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

    6.   Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also

file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 28, 2013, at 2:00 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

9.   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10.   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO** attempt service on Defendants pursuant to the standard procedures.

ENTERED:  August 19, 2013

FOR THE COURT:

<u>      s/Sue E. Myerscough      </u>
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE